ORDER
The Court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this Court, and no judge of this Court having requested a vote on the suggestion for rehearing en banc, the petition or rehearing has been referred to the original hearing panel.
On rehearing, General Counsel correctly points out that a corporation does not receive a discharge in bankruptcy. Rather, the trustee is discharged and the bankruptcy proceeding closed. The opinion [873 F.2d 884 at 886, col. 1, lines 22-25] is modified to read:
The trustee was discharged and the bankruptcy estate closed by order of the Bankruptcy Court dated January 18, 1983.
General counsel argues that because a corporation does not receive a discharge in bankruptcy, once the bankruptcy proceeding is closed the automatic stay is removed and a creditor may pursue any action to seek a nondisclosed asset of the bankrupt corporation. Here the Board found Ars-ham liable because shortly before Martin Arsham Sewing Co. filed for bankruptcy it had transferred assets to Arsham to satisfy a judgment for payment of a loan he had made to the corporation. No claim is made that the corporation did not owe Arsham the money. It was only the Bankruptcy Act which made the repayment of this antecedent debt a preference which could be set aside.
The panel has further reviewed the petition for rehearing and concludes that the other issues raised in the petition were fully considered upon the original submission and decision of the case. Accordingly, the petition is denied.