993 F.2d 1547
 144 L.R.R.M. (BNA) 2744
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
TROJAN MINING and Processing, Inc. Respondent.
 No. 93-5282.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1993.
 
 Before MARTIN and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 The National Labor Relations Board (the "Board") filed a petition for enforcement of its decision and order, dated December 9, 1992, in Case No. 9-CA-29243 finding the respondent committed unfair labor practices and directing certain remedial steps be taken to correct those practices. The respondent having failed to file a response to the above application within twenty (20) days as required under Rule 15(b), Fed.R.App.P., the Board now moves for entry of judgment by default.
 
 
 2
 A response on behalf of the respondent has now been filed by the trustee appointed to handle the respondent's assets in Chapter 7 bankruptcy. She reports the respondent has ceased business operations and that there are no assets in the estate to continue active participation in this labor proceeding.
 
 
 3
 Because a judgment of enforcement is a vindication of public policy and the Board's entry of its decision and order, the fact a respondent has ceased to do business does not affect this court's enforcement of the decision and order. See NLRB v. Electric Steam Radiator Corp., 321 F.2d 733, 738 (6th Cir.1963); cf. Southport Co. v. NLRB, 315 U.S. 100, 106-07 (1942). Likewise, the fact a respondent has filed for bankruptcy and that all the respondent's assets are being held by a trustee does render enforcement moot, Ahrens Aircraft, Inc. v. NLRB, 703 F.2d 23, 23 (1st Cir.1983) (per curiam), although the Board's claims are subject to the jurisdiction of the bankruptcy court. See generally NLRB v. Martin Arsham Sewing Co., 873 F.2d 884, modified, 882 F.2d 216 (6th Cir.1989).
 
 
 4
 It therefore is ORDERED that the Board's motion for entry of judgment by default is granted and that the respondent, Trojan Mining and Processing, Inc., of Ashcamp, Kentucky, its officers, agents, successors, and assigns, abide by and perform the directions of the Board in the above said decision and order contained.