50 F.3d 10
 150 L.R.R.M. (BNA) 2256
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
SEMINOLE INTERMODAL TRANSPORT, INC., Respondent.
 No. 94-6453.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1995.
 
 National Labor Relations Board, Nos. 9-CA-29578, 95-29968.
 ENFORCEMENT GRANTED.
 Before: KENNEDY, KRUPANSKY, and NORRIS, Circuit Judges.
 
 JUDGMENT
 
 1
 On September 20, 1993, the National Labor Relations Board (the "Board") issued an order in Cases 9-CA-29578 and 9-CA-29968 finding the respondent had violated federal labor law by retaliating against employees for protected union activity and by failing to bargain with the union over the closure of a trucking terminal. Thereafter, the president of the respondent company and the Board's Regional Director for Region 9 signed a stipulation whereby the respondent reserved the right to a hearing on the amount of backpay and other benefits due the employees under the Board's decision and order and to seek review of any order on backpay and other benefits before the Board and this court. The respondent waived, however, any right to contest the propriety of the September 20, 1993, decision and order or the facts and conclusions of law underlying that decision and order. Subsequently, the Board began an investigation of new charges filed by the union against the respondent.
 
 
 2
 Based upon the stipulation signed by the respondent's president, the Board now seeks summary enforcement of its decision and order of September 20, 1993. The respondent opposes such enforcement on grounds (1) it is attempting to comply with the directives of the Board's decision and order, (2) it has been named the debtor in an involuntary bankruptcy proceeding, and (3) it specifically reserved the right to contest the amount of backpay and other benefits due under the decision and order. Alternatively, the respondent asks that any judgment of enforcement not be inconsistent with the stipulation insofar as it pertains to the issue of backpay and other benefits. The Board replies that none of the objections prevent enforcement by this court at this time.
 
 
 3
 We conclude the Board is entitled to enforcement of its decision and order. The fact a respondent has complied in part or whole with a Board decision and order does not foreclose enforcement by this court. See NLRB v. Edgar Spring, Inc., 800 F.2d 595, 598 (6th Cir.1986) (per curiam); NLRB v. Globe-Wernicke Systems Co., 336 F.2d 589, 590 (6th Cir.1964) (granting summary enforcement). That holding is particularly applicable here where there have been accusations of further unfair labor practices. Likewise, the fact that a respondent is involved in bankruptcy proceedings does not render enforcement moot, Ahrens Aircraft, Inc. v. NLRB, 703 F.2d 23, 23 (1st Cir.1983) (per curiam), although the Board's claims may become subject to the jurisdiction of the bankruptcy court. See generally NLRB v. Martin Arsham Sewing Co., 873 F.2d 884, modified, 882 F.2d 216 (6th Cir.1989). Finally, we note that enforcement of the September 20, 1993, decision and order at this time has no adverse effect upon the stipulation entered into by the respondent. As provided in that stipulation, the respondent retains the right to a hearing on the issue of backpay and other benefits and may seek judicial review of any final Board decision and order in that matter. That is a proceeding which, for purposes of judicial review, is separate from the present petition for enforcement.
 
 
 4
 It therefore is ORDERED that the Board's application for summary enforcement of its September 20, 1993, decision in Cases No. 9-CA-29578 and 9-CA-29968 is granted. The respondent, Seminole Intermodal Transport, Inc., of Columbus, Ohio, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 5
 (a) Removing literature posted on any union bulletin board in its terminal.
 
 
 6
 (b) Unilaterally transferring any bargaining unit work from any of its terminals without first notifying the labor organization representing the employees employed at that terminal and bargaining collectively in good faith with it, on request, until an agreement or an impasse is reached.
 
 
 7
 (c) Discharging its employees because they have engaged in union or protected and concerted activities.
 
 
 8
 (d) Unilaterally closing any terminal without first notifying the labor organization representing the employees employed at that terminal and bargaining collectively in good faith with it, on request, until an agreement or an impasse is reached.
 
 
 9
 (e) In any like or related manner interfering with, restraining, or coercing its employees in the exercise of the rights guaranteed them in Section 7 of the National Labor Relations Act (the "Act").
 
 
 10
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 11
 (a) Restore matters to the status quo ante by reopening its Columbus, Ohio, terminal, which it closed on May 2, 1992, and return to that terminal all bargaining unit work which had been performed, prior to May 2, 1992, by members of the bargaining unit at the Columbus, Ohio, terminal.
 
 
 12
 (b) Offer the following employees immediate and full reinstatement to their former positions or, if those positions no longer exist, to substantially equivalent positions, without prejudice to their seniority and other rights and privileges previously enjoyed, and make them whole for any loss of pay and other benefits suffered as a result of its discrimination against them, in the manner set forth in the remedy section of the Administrative Law Judge's decision:
 
 
 13
 Kenneth R. Bailey Don Miller
Jim Bowers Robert Millington
Joe Bush Kevin L. Moody
Don E. Cahall Michael Perry
Tom D. Carpenter Charles Pitman
Jimmie L. Castle Mark Poole
Merle "Roger" Chester Marlin R. Reese
Billy J. Collier William Roberts, Jr.
George Commodore Doug Schaffer
Charles Coon Richard G. Schmidtt
Larry P. Daum David Schriver
Richard A. Ferrell Don Stumbo
Raymond Fooce William Thompson
Tim J. Hathaway John Tolliver
Richard Hein William D. Whiting
Robert L. Jackson Leland Woods
 
 
 14
 (c) Remove from its files any reference to the unlawful discharges of the above-named employees and notify them in writing that this has been done and that the discharges will not be used against them in any way.
 
 
 15
 (d) On request, bargain with the Teamsters Local Union No. 413, affiliated with the International Brotherhood of Teamsters, AFL-CIO, as the exclusive representative of all its employees in the following bargaining unit with respect to rates of pay, hours of employment, and other terms and conditions of employment:
 
 
 16
 All truck drivers employed by Seminole Intermodal Transport, Inc., at its Columbus, Ohio, terminal, excluding all other employees, and all guards and supervisors as defined in the Act.
 
 
 17
 (e) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 18
 (f) Post at its Columbus, Ohio, and Springfield, Ohio, terminals copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 9 of the National Labor Relations Board (Cincinnati, Ohio), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 19
 (g) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 20
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 21
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 22
 WE WILL NOT remove literature posted on any union bulletin board in our terminal.
 
 
 23
 WE WILL NOT unilaterally transfer any bargaining unit work from any of our terminals without first notifying the labor organization representing the employees employed at that terminal Teamsters Local Union No. 413, affiliated with the International Brotherhood of Teamsters, AFL-CIO ("Union"), and bargaining collectively in good faith with it, on request, until an agreement or an impasse is reached.
 
 
 24
 WE WILL NOT discharge our employees because they have engaged in union or protected and concerted activities.
 
 
 25
 WE WILL NOT unilaterally close any terminal without first notifying the labor organization representing the employees employed at that terminal and bargain collectively in good faith with it, on request, until an agreement or an impasse is reached.
 
 
 26
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce our employees in the exercise of the rights guaranteed them in Section 7 of the National Labor Relations Act.
 
 
 27
 WE WILL restore matters to the status quo ante by reopening our Columbus, Ohio terminal, which we closed on May 2, 1992, and return to that terminal all bargaining unit work which had been performed, prior to May 2, 1992, by members of the bargaining unit at the Columbus, Ohio, terminal.
 
 
 28
 WE WILL offer the following employees immediate and full reinstatement to their former positions or, if those positions no longer exist, to substantially equivalent positions, without prejudice to their seniority and other rights and privileges previously enjoyed, and make them whole for any loss of pay and other benefits suffered as a result of our discrimination against them:
 
 
 29
 Kenneth R. Bailey Don Miller
Jim Bowers Robert Millington
Joe Bush Kevin L. Moody
Don E. Cahall Michael Perry
Tom D. Carpenter Charles Pitman
Jimmie L. Castle Mark Poole
Merle "Roger" Chester Marlin R. Reese
Billy J. Collier William Roberts, Jr.
George Commodore Doug Schaffer
Charles Coon Richard G. Schmidtt
Larry P. Daum David Schriver
Richard A. Ferrell Don Stumbo
Raymond Fooce William Thompson
Tim J. Hathaway John Tolliver
Richard Hein William D. Whiting
Robert L. Jackson Leland Woods
 
 
 30
 WE WILL remove from our files any reference to the unlawful discharges of the above-named employees and notify them in writing that this has been done and that the discharges will not be used against them in any way.
 
 
 31
 WE WILL on request, bargain with Teamsters Local Union No. 413, affiliated with the International Brotherhood of Teamsters, AFL-CIO ("Union"), as the exclusive representative of all our employees in the following bargaining unit with respect to rates of pay, hours of employment, and other terms and conditions of employment:
 
 
 32
 All truck drivers employed by Seminole Intermodal Transport, Inc. at its Columbus, Ohio, terminal, excluding all other employees, and all guards and supervisors as defined in the Act.
 
 
 33
 SEMINOLE INTERMODAL TRANSPORT, INC.
 
 
 34
 (Employer)
 
 Dated __________
 By ________________________________
 
 35
 (Representative) (Title)
 
 
 36
 This is an official notice and must not be defaced by anyone. This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered with any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 559 Main Street--Room 3003, Cincinnati, OH 45202--3271, Telephone 513--684--3663.