51 F.3d 285
 150 L.R.R.M. (BNA) 2256
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Vicki ANSPACH, Individually, and as Administratrix for The
Estate of John Anspach, Plaintiffs-Appellants,
v.
SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION LOCAL NO. 2,
and Mike Krasovec, Defendants-Appellees.
 No. 93-3234.
 United States Court of Appeals, Tenth Circuit.
 March 28, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, Circuit Judge, LAY, Senior Circuit Judge,[2] and McWILLIAMS, Senior Circuit Judge.
 
 
 1
 Vicki Anspach and John Anspach, husband and wife, brought suit in the United States District Court for the District of Kansas against their employer, Tompkins Industries, Inc. and four of its management employees for discrimination in the workplace. In the same complaint, the Anspachs also named as defendants the Sheet Metal Workers' International Association Local No. 22 (the "Local") and one Mike Krasovec, business representative of the Local in the plant where the Anspachs worked. The Anspachs and Tompkins Industries, and its four management employees, eventually settled their dispute, and we are here concerned only with the Anspachs' claims against the Local and Krasovec.
 
 
 2
 Vicki Anspach made the following claims against both the Local and Krasovec: (1) the defendants violated both Title VII (42 U.S.C.2000e-2(c) and 2000e-3(a)) and the Kansas Act Against Discrimination ("KAAD") by either participating in, or condoning, her sexual harassment by her co-workers and by retaliating against her for opposing such illegal harassment; and (2) that the defendants had by their actions subjected her to intentional infliction of emotional distress. John Anspach made the following claims: (1) the Local and Krasovec had by their actions subjected him to intentional infliction of emotional distress; and (2) the Local breached its duty to him of fair representation and in connection therewith had subjected him, intentionally, to emotional distress.
 
 
 3
 Before reaching a settlement with the Anspachs, Tompkins Industries and its four management employees filed a motion for summary judgment. The Local and Krasovec at the same time also filed a motion for summary judgment. After hearing, the district court on February 11, 1993, granted the motions, in part, and denied them, in part. See Anspach v. Tompkins Industries, 817 F.Supp. 1499 (D. Kan.1993).[3] The Anspachs' motion for reconsideration was denied. Thereafter, the Anspachs settled their claims against Tompkins Industries and the four management employees.
 
 
 4
 As concerns the Anspachs' claims against the Local and Krasovec, the district court in granting in part, and in denying in part, the defendants' motion for summary judgment held as follows: (1) granted summary judgment in favor of both defendants on Vicki Anspach's claims under Title VII and the KAAD; (2) granted summary judgment in favor of both defendants on Vicki and John Anspach's claims of intentional infliction of emotional distress based on state law; (3) granted summary judgment in favor of Krasovec on John Anspach's claim of breach of duty of fair representation;[4] but (4) denied the Local's motion for summary judgment on John Anspach's claim of breach of the duty of fair representation.[5] John Anspach's claim against the Local for breach of the duty of fair representation was later tried to the court, and the court held in favor of the Local.
 
 
 5
 In the present appeal, Vicki Anspach appeals the granting of summary judgment in favor of the Local and Krasovec on her claims against them, and John Anspach appeals the granting of summary judgment in favor of the Local on his state law claim for intentional infliction of emotional distress and the judgment entered in favor of the Local by the district court, after a trial to the court, on his claim for breach of duty by the Local to fairly represent him.
 
 
 6
 For the background out of which the present dispute arose, see Anspach v. Tompkins Industries, 817 F.Supp. 1499 (D. Kan.1993). Such will not be repeated here.
 
 1. Vicki Anspach
 
 7
 Vicki Anspach asserted two claims against the Local and Krasovec: (1) a claim brought under Title VII and under the KAAD alleging that the Local and Krasovec discriminated against her by participating in, or condoning, sexual harassment of Ms. Anspach, and by retaliating against her for opposing such harassment; and (2) a separate claim based on Kansas law for the intentional infliction of emotional distress. The Local and Krasovec filed a motion for summary judgment supported by depositions of virtually all parties concerned. As indicated, the district court granted the motion for summary judgment filed by the Local and Krasovec and entered summary judgment for both the Local and Krasovec on both of Vicki Anspach's claims against them. In the present appeal, Vicki Anspach seeks reversal of the district court's grant of summary judgment for the Local and Krasovec. We affirm.
 
 
 8
 In its Memorandum and Order granting summary judgment in favor of the Local and Krasovec on both of Vicki Anspach's claims, the district court concluded that on the record before it, "the uncontroverted evidence in the case ... [did] not support a reasonable conclusion that Krasovec or the Union discriminated or retaliated against Vicki, or that they caused the company to do so." Id. at 1516-17. In its Memorandum and Order, the district court recounted some 48 "uncontroverted facts," which in our view support the district court's grant of summary judgment in favor of the Local and Krasovec on Vicki Anspach's claim against them, based on an alleged violation of Title VII and KAAD. We are in general accord with the district court's assessment of the matter.[6]
 
 
 9
 In that same Memorandum and Order, the district court granted summary judgment on Vicki Anspach's claim for intentional infliction of emotional distress. One ground for granting summary judgment on those claims was that the record before the district court on summary judgment did not show extreme or outrageous conduct by either defendant, as required by Kansas law.
 
 
 10
 "Kansas has set a very high standard for the tort of outrage." Ginwright v. Unified School Dist. No. 457, 756 F.Supp. 1458, 1476 (D. Kan.1991).
 
 
 11
 Proof of four elements is required to establish the cause of action: (1) The conduct of defendant must be intentional or in reckless disregard of plaintiff; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between defendant's conduct and plaintiff's mental distress; and (4) plaintiff's mental distress must be extreme and severe.
 
 
 12
 Roberts v. Saylor, 637 P.2d 1175, 1179 (Kan.1981); See also Taiwo v. Vu, 822 P.2d 1024 (Kan.1991). To constitute sufficiently extreme and outrageous conduct, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond the bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." Roberts v. Saylor, 637 P.2d at 1179. We agree with the trial court that Vicki Anspach cannot point to conduct attributable to the Union or its agents that is sufficiently extreme and outrageous. We agree again with the district court's assessment of this particular issue. Such being the case, we need not here address the question of whether state law in the instant case is preempted by federal law.
 
 2. John Anspach
 
 13
 As indicated, John Anspach's claim against the Local for breach of duty of fair representation was later tried to the court. Vaca v. Sipes, 386 U.S. 171 (1967) sets out the test for breach of the duty of fair representation. "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Id. at 190. This Court elaborated on each of those requisite elements of breach in Meyer v. Newspaper Agency Corp., 1994 WL 715230 (10th Cir.1994) (citing Aguinaga v. United Food & Commercial Workers Int'l, 993 F.2d 1463, 1470 (10th Cir.1993)).
 
 
 14
 A union's actions are arbitrary only if, "in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." (citation omitted). A union's discriminatory conduct violates its duty of fair representation if it is "invidious." (citation omitted). Bad faith requires a showing of fraud, or deceitful or dishonest action. (citation omitted).
 
 
 15
 At the conclusion of the trial to the court, the district court, in an unpublished Memorandum and Order, found that the Local had not arbitrarily ignored John Anspach's grievances against Tompkins or processed them in a perfunctory manner, nor had it otherwise breached its admitted duty of fair representation. Again, we are in general accord with the district court's assessment of this particular matter. The district judge analyzed the evidence before him in a careful and detailed manner. Certainly the record before him did not compel the district judge to find in favor of John Anspach, which is necessarily John Anspach's position on appeal of this particular matter.
 
 
 16
 As concerns John Anspach's claim for intentional infliction of emotional distress, we find no error in the district court's grant of summary judgment for the Local and Krasovec. The record before the district court supports its holding that the Local and Krasovec, as distinguished from co-workers, were not guilty of "extreme or outrageous conduct." We further note that the only distress that John Anspach alleges is a case of hives and "nerves", and symptoms requiring Alka-Seltzer. Certainly he failed to establish distress that was "so severe and extreme that no reasonable person should be expected to endure it," as required by Kansas law. Roberts v. Saylor, 637 P.2d 1175, 1181 (Kan.1981).
 
 
 17
 Judgment affirmed in its entirety.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [3]
 After the complaint was filed and before the district court ruled on the motions for summary judgment, John Anspach died and his widow, Vicki Anspach, as administratrix of his estate, was substituted for him as a party plaintiff
 
 
 [4]
 The court's holding seems to indicate that John Anspach brought his breach of the duty of fair representation claim against both the Local and Krasovec. However, in his response in opposition to the defendants' motion for summary judgment, John Anspach reiterated that the breach of duty claim was only asserted against the Local. That position is consistent with the arguments raised by Vicki Anspach on John's behalf in this appeal
 
 
 [5]
 The district court did grant summary judgment for the Local on John Anspach's claim for damages based on emotional distress caused by the Local's alleged breach of the duty of fair representation
 
 
 [6]
 Courts have looked to the Restatement (Second) of Agency 219 for guidance on the issue of when employers and labor unions are liable for sexual harassment by their members. See Meritor Savings Bank v. Vinson, 477 U.S. 57, 72 (1986); Hicks v. Gates Rubber Co., 833 F.2d 1406, 1417 (10th Cir.1987). 219(2) provides that:
 A master is not subject to liability for the torts of his servants acting outside the scope of their employment, unless: ... (b) the master was negligent or reckless, or ... (d) the servant purported to act to speak on behalf of the principal and there was reliance upon apparent authority, or he was aided in accomplishing the tort by the existence of the agency relation.