## DUENGES v. UNITED STATES.

United States District Court
S. D. New York.

Sept. 22, 1953.

752

Nathan Dechter, New York City, for plaintiff.

J. Edward Lumbard, New York City, for defendant.

EDELSTEIN, District Judge.

The Government moves to dismiss the complaint on the ground, among others, that the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq., under which suit has been brought, specifically excludes the action. The plaintiff was arrested and imprisoned for desertion from the Army, when in fact he had been honorably discharged, as found by the military tribunal which ultimately exonerated him. The complaint alleges that the Government negligently maintained its records resulting in injuries to the plaintiff in the loss of his freedom, humiliation, fear, embarrassment and mental anguish, and loss of earnings.

Assuming that the Government had a legal duty to the plaintiff to keep his records properly, the breach of such a duty by the Government's negligence could become an actionable wrong only upon the event of resulting injury. The injuries alleged derive from a false arrest and imprisonment. In an action of negligence " 'damage is of the very gist and essence of the plaintiff's cause.' " Schmidt v. Merchants Despatch Transp. Co., 270 N.Y. 287, 300, 200 N.E. 824, 827, 104 A.L.R. 450. Here, false arrest and imprisonment are of the very gist and essence of the plaintiff's cause. Section 2680(h) of 28 U.S.C. specifically excludes from the provisions of the Federal Tort Claims Act claims "arising out of * * * false imprisonment [and] false arrest * * *." This suit arises out of false imprisonment and false arrest within the meaning of that section, and consequently, it does not come within the scope of the Act.

Accordingly, the motion to dismiss will be granted.