Claude D. STEPHENS, Appellant,

v.

STATE of Alaska, DEPARTMENT OF REVENUE, Appellee.

No. S–1543.

Supreme Court of Alaska.

Dec. 4, 1987.

D. Randall Ensminger, Law Offices of John F. Rosie, Fairbanks, for appellant.

Randy M. Olsen, Asst. Atty. Gen., Fairbanks, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

### OPINION

MOORE, Justice.

### I. FACTS AND PROCEEDINGS

Claude Stephens failed to pay his 1976 Alaska state income taxes. The Alaska Department of Revenue (DOR) sued him to recover taxes due. In June 1981, Stephens filed for bankruptcy in Texas. Without knowledge of Stephens' bankruptcy, the State entered a default judgment in July of

1981, and retained Arizona counsel to collect the judgment. Stephens' debts, including the tax obligation, were discharged in December 1981. Stephens notified the Arizona attorney. Subsequently, in March 1983, the DOR garnished Stephens' wages and attached his bank account to satisfy its judgment. The wages seized were sufficient to satisfy the judgment, so the DOR returned the seized bank account funds within ten days.

Stephens moved the bankruptcy court to order the DOR to return his seized wages and show cause why it should not be held in contempt. Stephens also sought recompense for his attorney's fees in the matter. Approximately five months later, the DOR returned his wages with interest, pursuant to a settlement with Stephens. Stephens dismissed his motion. The DOR did not pay any portion of his attorney's fees.

In April 1985, Stephens filed the instant action against the DOR in the Alaska Superior Court. Stephens' complaint alleged the discharge of his tax debt and the seizure of his wages and bank account, and stated:

7. All of said collection procedures were wrongful and tortious in that Defendnt [sic] knew or should have known of the above-referenced discharge and of the Default Judgment having been obtained after the automatic stay of the U.S. Bankruptcy Court was in effect.

8. Defendants [sic] wrongful collection procedures were wilfull [sic] and in conscious disregard of Plaintiff's legal rights.

Stephens sought to recover his costs and attorney's fees incurred in the defense of the collection action in the bankruptcy court, damages for emotional injuries ("shame, humiliation, embarrassment, emotional distress and public disrepute") and punitive damages. He also sought the release of his 1977 state income tax refund and his Alaska Permanent Fund dividend, which he claimed had been wrongfully withheld.[1] Stephens asserted that his complaint presented three theories of recovery: negligence, malicious prosecution and conversion.[2]

The trial court granted the DOR's motion for summary judgment. The court held that the state was immune to a claim for damages arising out of the wage garnishment and bank account attachment based on AS 09.50.250(1) (immunity for discretionary functions) and AS 09.50.250(3) (immunity for malicious prosecution).[3] The court also held that it lacked jurisdiction to adjudicate a claim for attorney's fees incurred in the bankruptcy court and that that claim was *res judicata*. The court granted partial judgment for the DOR on the Permanent Fund dividend check claim, and denied punitive damages.

Stephens moved for reconsideration, asserting that the state was not immune from his negligence action and that AS 09.50.250(3) was unconstitutional. His motion was deemed denied. Stephens now appeals all aspects of the summary judgment and the denial of his motion for reconsideration.

## II.  SUMMARY JUDGMENT

Summary judgment is appropriate only where there is no genuine issue of material

---

1. Stephens has abandoned his claim for the 1977 state income tax refund; it is not raised in his arguments to the trial court, points on appeal, or in his briefs to this court.

2. Stephens does not argue a conversion theory on appeal.

3. AS 09.50.250 provides, in pertinent part, as follows:

    Actionable claims against the state. A person or corporation having a contract, quasi-contract or tort claim against the state may bring an action against the state in the superior court.... However, no action may be brought under this section if the claim (1) is

an action for tort, and is based upon an act or omission of an employee of the state, exercising due care, in the execution of a statute or regulation, whether or not the statute or regulation is valid; or is an action for tort, and based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a state agency or an employee of the state, whether or not the discretion involved is abused;

....

(3) arises out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights.

fact and the movant is entitled to judgment as a matter of law. Alaska R.Civ.P. 56(c); *Drake v. Hosley*, 713 P.2d 1203, 1205 (Alaska 1986). Stephens' appeal challenges whether the DOR was entitled to judgment on his malicious prosecution claim and negligence claim as a matter of law. Assuming that he successfully establishes a legal theory of recovery, Stephens asserts that a genuine issue of material fact existed as to the DOR's wrongful withholding of his Permanent Fund dividend check.

### A. Malicious Prosecution

■ The usual legal theories for recovery on a claim for wrongful attachment are malicious prosecution or abuse of process. 6 Am.Jur.2d *Attachment and Garnishment* § 596 (1962); 7 C.J.S. *Attachment* § 394 (1980); *see* W. Keeton & W. Prosser, *The Law of Torts* § 120 at 890–91, § 121 at 899 (5th ed. 1984) (hereinafter Keeton). Insofar as Stephens states an action for malicious prosecution (or abuse of process), it is expressly barred by AS 09.50.250(3).[4]

Stephens argues that AS 09.50.250(3) is unconstitutional under the equal protection clauses of the U.S. and Alaska constitutions. He claims that the statute creates an irrational distinction, in that it bars suits against the State for *malicious* prosecution, while allowing suits for *negligent* prosecution. But this argument dissolves, since we now decline to recognize the tort of negligent prosecution of a civil action.

### B. Negligence

■ Stephens claims that the DOR is liable to him for its negligence in executing on a judgment that it "knew or should have known" was not valid. For support, he relies on our decision in *Zerbe v. State*, 578 P.2d 597 (Alaska 1978), where we permitted a plaintiff to assert a negligence claim against the State to recover damages re-

sulting from his wrongful arrest, although AS 09.50.250(3) barred an action for false arrest or false imprisonment.

The trial court held that insofar as the DOR was negligent in its collection efforts, it is immune from suit under AS 09.50.250(1), because the decisions involved were "discretionary functions." *See Industrial Indemnity Co. v. State*, 669 P.2d 561, 566 (Alaska 1983).

Before we determine whether a statutory immunity applies to a given case, we will determine whether the State would be liable to the plaintiff in the absence of the immunity. *See Division of Corrections v. Neakok*, 721 P.2d 1121, 1125 (Alaska 1986). Stephens' theory of negligence is that a reasonably prudent state attorney would have terminated efforts to levy on a judgment after being notified that it was discharged in bankruptcy.

The first step in determining whether a negligence action can exist is to determine whether the defendant owed the plaintiff a duty of care under the circumstances. *Neakok*, 721 P.2d at 1125. "Duty" is defined as the "expression of the sum total of those considerations of policy which lead the law to say that a particular plaintiff is entitled to protection." *Id. quoting* W. Prosser, *The Law of Torts* § 53 at 325–26 (4th ed. 1971). In *Neakok*, we reiterated the following considerations of policy adopted in *D.S.W. v. Fairbanks North Star Borough School District*, 628 P.2d 554, 555 (Alaska 1981):

> [F]oreseeability of harm, the closeness of connection between the defendant's conduct and the plaintiff's injury, the moral blame attached to the defendant's conduct, the policy of preventing further harm, the extent of the burden to the defendant and consequences to the community of imposing a duty of care, and

---

4. Stephens' complaint alleges that the DOR wrongfully brought a civil, not criminal, action against him. Some authorities distinguish an action for "wrongful civil proceedings" from malicious prosecution. Keeton, § 119 at 870–71; Restatement (Second) of Torts § 674 comment e (1977). The torts for which AS 09.50.250(3) provide immunity are specifically listed; "wrongful use of civil proceedings" is not

among them. Thus, one might argue, although Stephens does not, that an action alleging a wrongful civil proceeding is not barred by the statute. We have not previously recognized such a distinction, *see Industrial Power and Lighting v. Western Modular Corp.*, 623 P.2d 291, 298 (Alaska 1981), and we do not find the distinction significant for the purpose of AS 09.50.250(3).

the availability, cost and prevalence of insurance for the risk involved.

721 P.2d at 1125.

Innocent defendants or those not liable to a plaintiff will foreseeably suffer harm as a direct result of a negligently brought prosecution or lawsuit. Although the harm may be reduced by the availability of an award of attorney's fees, as could have been made in the bankruptcy court in this case, *In re Roco Corp.,* 37 B.R. 770, 775 (Bankr.D.R.I.1984), we acknowledge that the wrongfully accused party will suffer harm.

However, there is little moral blame to a purely negligent misinterpretation of law. Moreover, the "burden to the defendant and the consequences to the community" of imposing liability for a negligently-brought lawsuit would be severe. Professor Keeton states:

> The law supports the use of litigation as a social means for resolving disputes, and it encourages honest citizens to bring criminals to justice. Consequently, *the accuser must be given a large degree of freedom to make mistakes and misjudgments without being subjected to liability* ... The individual interest in freedom from unjustifiable litigation and the social interest in supporting resort to law have traditionally been balanced by the requirement that the plaintiff must prove four elements to establish a malicious prosecution action against an accuser:
>
> 1. A criminal proceeding instituted or continued by the defendant against the plaintiff.
>
> 2. Termination of the proceeding in favor of the accused.
>
> 3. Absence of probable cause for the proceeding.
>
> 4. "Malice," or a primary purpose other than that of bringing an offender to justice.

Keeton, § 119 at 871 (footnote omitted; emphasis added). *See also* Restatement (Second) of Torts § 405, introductory note (Unjustifiable Litigation) (1977). Similarly, a plaintiff in an abuse of process action

must prove that the defendant used legal process for an end other than that for which it was designed. Keeton, § 121 at 897. To hold that a plaintiff or prosecutor has a general duty of care toward defendants, regardless of the plaintiff's intent, would shift this balance sharply in favor of the individual interest at the expense of the community interest.

The possibility that an unsuccessful litigant can be held liable for the attorney's fees of the other is, we believe, a sufficient deterrent to negligently-brought litigation. Indeed, even in imposing the sanction of attorney's fees, we are careful to avoid discouraging or inhibiting parties from using the court system. In *Malvo v. J.C. Penney Co.,* 512 P.2d 575, 587 (Alaska 1973), we held that an unsuccessful plaintiff should not be liable for all of the defendant's attorney's fees absent a showing of bad faith. We stated:

> If a successful litigant were to receive full reimbursement for all expenses incurred in the case with no requirement of justification and no consideration of the "good faith" nature of the unsuccessful party's claim or defense, there would be a serious detriment to the judicial system. For where in order to seek judicial remedies, a plaintiff must risk liability for the full amount of attorney's fees the other side sees fit to incur, it takes little imagination to foresee that the size of a party's bank account will have a major impact on his access to the courts.

*Id.* We also quoted approvingly the following language from a letter written by Benjamin Cardozo: " 'I should not lay too heavy a burden upon the unsuccessful litigant. Some of the losses that are incidental to the establishment of rights and the redress of wrongs through the process of the courts should be allowed, as a matter of social engineering, to lie where they fall.' " *Id.* at 587–88, quoting G. Hellman, *Benjamin N. Cardozo* (1940).

Therefore, we hold that Stephens cannot show that the DOR breached a duty of care owed to him by deciding to attach

his wages and bank account.[5] Accordingly, we hold that he does not set forth a negligence cause of action against the DOR. Because the pleadings and affidavits establish that there can be no state liability to Stephens in negligence, we need not determine the applicability of the state's statutory immunity.[6]

We have examined Stephens' other assignments of error, including his assertion that the trial court abused its discretion by denying his motion for reconsideration, and find them without merit. Accordingly, we AFFIRM.[7]

---

5.   We believe that, in general, the state does not owe its citizens a duty of care to proceed without error when it brings legal action against them. To the extent that this contradicts our decision in *Zerbe v. State*, 578 P.2d 597, that case is overruled. There is no question that a person whose wages or bank account are wrongfully seized by the state must be provided a process to get his money back, with interest. Otherwise, there would be a taking. Here, though, the money already has been paid back with interest. This case is about tort damages, not the return of property.

6.   Because he has no legal theory on which he can base recovery of damages, his claim of error in the entry of judgment dismissing his alleged loss due to the DOR's delay in processing his Permanent Fund dividend check is moot.

7.   Stephens' claim for attorney's fees in the bankruptcy proceeding was properly brought before the bankruptcy court on his motion there for an order to show cause. Stephens' dismissal of that action renders the issue of attorney's fees there *res judicata.* *See Shephard v. Bering Sea Originals*, 578 P.2d 587, 589 (Alaska 1978).