831 P.2d 850

**Alfred LANDEROS, a single man, Plaintiff/Appellant,**

**v.**

**The CITY OF TUCSON, a municipal corporation; the Tucson Police Department; and Detective Joe Godoy, an officer of the Tucson Police Department, Defendants/Appellees.**

No. 2 CA–CV 91–0212.

Court of Appeals of Arizona, Division 2, Department A.

Feb. 20, 1992.

Review Denied July 7, 1992.

Parrish & Vingelli by Richard Parrish and Peter A. Matiatos, Tucson, for plaintiff/appellant.

Mesch, Clark & Rothschild, P.C. by Richard Davis and Craig C. Cameron, Tucson, for defendants/appellees.

## OPINION

HOWARD, Judge.

This is an appeal from the granting of a motion for summary judgment in favor of appellees. We affirm.

On August 27, 1989, Michael Landeros, appellant's cousin, and Victor Foley were shot and killed in an apartment in Tucson belonging to appellant. Immediately before the shootings, at least four people were inside the apartment: appellant, Michael, Louis J. Felix and Felix's girlfriend Mary Ann Machado. At approximately 10 p.m., just before appellant and Louis were about to "do two papers of heroin," Foley and Ray Bryant arrived at appellant's apartment. Several weapons were discharged, which resulted in the deaths of Foley and Michael Landeros. Appellant admitted shooting Bryant after appellant chased the fleeing Bryant and took Bryant's gun away from him.

Detective Joe Godoy of the Tucson Police Department was assigned to the case as the lead detective. During the investigation, Fred Gust at the Adobe Mountain School contacted Godoy and informed him that a juvenile in custody at the Adobe Mountain facility had information about the shooting. Godoy determined from Gust that the juvenile was not at the Adobe Mountain School when the shooting took place and then Godoy interviewed the juvenile. The juvenile stated that he was present in the apartment at the time of the shooting. He described the apartment in detail and gave specific facts which indicated personal knowledge.

Based on the juvenile's information, Godoy and assistant county attorney Tom Zawada went to a grand jury and obtained an indictment against appellant. On April 27, 1990, appellant was arrested and placed in jail. It was later discovered that the juvenile was in custody at the Pima County Juvenile Detention Center at the time of the murders. The information that the juvenile gave Godoy and subsequently told the grand jury was not based on personal knowledge, but on hearsay. The charges against appellant were dismissed without prejudice and he was released from jail.

This suit was subsequently filed by appellant charging that Godoy was negligent in failing to ascertain that the juvenile was in detention at the time he claimed to have been a witness to the shootings.

■ It would appear that in Arizona the city may be liable if its police officers are *grossly* negligent in their investigation of a crime which results in an arrest. See *Cullison v. City of Peoria*, 120 Ariz. 165, 584 P.2d 1156 (1978) (police were not guilty of gross negligence in relying on the identification of an eyewitness). For appellant to raise sufficient material facts to rebut appellees' motion for summary judgment, he was required to show that Godoy's conduct "was outside the duty and standard of care required of him in that [he] had reason to believe the information on which [he] based [the] arrest ... was not trustworthy." 120 Ariz. at 167, 584 P.2d at 1158. As the court stated in *Cullison*,

> wanton (or gross) negligence is highly potent, and when it is present it fairly proclaims itself in no uncertain terms. It is "in the air," so to speak. It is flagrant and evinces a lawless and destructive spirit.

*Id.* at 169, 584 P.2d at 1160. As in *Cullison*, no such showing was made here.

■ As far as simple negligence is concerned, we believe the public interest mandates a rejection of such a tort. We agree with the following statement in *Smith v. State*, 324 N.W.2d 299, 301 (Iowa 1982):

> The public has a vital stake in the active investigation and prosecution of crime. Police officers and other investigative agents must make quick and important decisions as to the course an investigation shall take. Their judgment will not always be right; but to assure continued vigorous police work, those charged with that duty should not be liable for mere negligence.

■ Even if we were to hold that Arizona would recognize simple negligence in the investigation of a crime as a tort, appellant has offered no evidence which shows that Godoy had reason to believe that the juvenile was not trustworthy. Since there

was no showing of negligence on the part of Godoy, a claim of negligence will not lie.

Affirmed.

LIVERMORE, C.J., and LACAGNINA, P.J., concur.