John WASKEY, Appellant,

v.

MUNICIPALITY OF ANCHORAGE, Appellee.

No. S–6549.

Supreme Court of Alaska.

Jan. 12, 1996.

---

Eric Chancy Croft, Hedland, Fleischer, Friedman, Brennan & Cooke, Anchorage, for Appellant.

Stephanie Galbraith Moore, Assistant Municipal Attorney, Mary K. Hughes, Municipal Attorney, Anchorage, for Appellee.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS and EASTAUGH, JJ.

### OPINION

MATTHEWS, Justice.

I. *FACTS AND PROCEEDINGS*

Evan Waskey (Evan) was arrested and charged with assault after engaging in a street fight. He told the arresting officer that his name was John Evan Waskey, which is actually his brother's name. Evan then jumped bail and a bench warrant was issued requiring the arrest of "John Evan Waskey" for failing to appear. Appellant (John) was arrested on the warrant and detained for ten days. When the Municipality learned that it was Evan, not John, who was originally ar-

rested and charged, the charges against John were dismissed.

John filed a civil action in tort against the Municipality containing counts sounding in negligence, constitutional violations, and false arrest and false imprisonment. The Municipality moved for summary judgment on each count. The superior court granted the Municipality's motion. John appeals.

On appeal, John argues that an arresting officer owes a duty of care enforceable in tort to ensure that people arrested are who they say they are, and that the arresting officer negligently failed to perform this duty. Second, John argues that his claim for false arrest should not have been dismissed as there is no municipal immunity for false arrest.

In response, the Municipality argues that negligent police investigation into the identity of a person arrested violates no duty enforceable in tort. In addition, the Municipality argues that no suit for false arrest may be maintained against the Municipality because the arrest of John was made pursuant to a facially valid warrant. We agree with the Municipality on both points and thus affirm.

## II. *DISCUSSION*

### A. *Duty of Care*

■ John argues that police officers owe a duty of care to properly ascertain and record an arrestee's identity. In his opening brief he suggests that this duty should be found to exist based on the factors articulated by this court in *D.S.W. v. Fairbanks North Star Borough School District*, 628 P.2d 554, 555 (Alaska 1981).[1] We have decided two cases more closely related to this case which make

---

1. In *D.S.W. v. Fairbanks North Star Borough School District,* this court articulated the factors to be considered in determining whether an "actionable duty of care" exists:

 The foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost

 and prevalence of insurance for the risk involved.
 *D.S.W.,* 628 P.2d 554, 555 (quoting *Peter W. v. San Francisco Unified School District,* 60 Cal. App.3d 814, 131 Cal.Rptr. 854, 859–60 (1976)).

 In this case John argues that "the harm to [him] is foreseeable, the injury is certain, the connection between the conduct and the injury is close, the policy of preventing future harm is important, the burden on defendant is relatively light, the consequences for the community are positive, and it is more feasible for the Municipality to procure insurance."

it unnecessary to resort to the *D.S.W.* approach.

The first case is *Zerbe v. State*, 578 P.2d 597 (Alaska 1978). Zerbe was arrested, but the complaint against him was dismissed before his arraignment. On the day his arraignment was scheduled, the district judge issued a warrant for Zerbe's arrest, because no one had informed the judge that the complaint had been dismissed. Zerbe again was arrested and held for nine hours before the mistake was brought to light. Zerbe sued the State for negligence in failing to inform the judge of the fact that the complaint had been dismissed. The State claimed that it was immune from suit as the essence of the claim was the false arrest-imprisonment tort, for which the State is immune under AS 09.50.250(3). *Id.* at 598. This court accepted Zerbe's argument that the claim could be maintained, holding

> that it was negligent record keeping, rather than false imprisonment, which caused Zerbe's injuries. Zerbe's suit is therefore not barred by the false imprisonment exception to Alaska's government claims statute, but instead ought to have been treated in the same manner as any other negligence case against the state.
>
> Today, when various branches of government collect and keep copious records concerning numerous aspects of the lives of ordinary citizens, we are unwilling to deny recourse to those hapless people whose lives are disrupted because of careless record keeping or poorly programmed computers. We see no justification for immunizing the government from the damaging consequences of its clerical employees' failure to exercise due care.

*Zerbe*, 578 P.2d at 601 (footnotes omitted). In reaching this conclusion we noted: "We express no opinion on the question of whether the state should be protected from suits arising out of mistakes made by law enforcement officers in pursuit of their official duties." *Id.* at 601 n. 7.

The present case is the type of case which this court excluded from its holding in *Zerbe*. When the arresting officer entered John's name rather than Evan's name, he made a mistake in pursuit of his official duty. Thus

*Zerbe* does not directly control. Moreover, *Zerbe* has been overruled insofar as it established a tort of government negligence with respect to errors underlying the initiation or maintenance of legal actions. *Stephens v. State, Dep't of Revenue*, 746 P.2d 908 (Alaska 1987).

In *Stephens*, the State wrongfully garnished Stephens' wages to recover back taxes after Stephens had obtained a discharge in bankruptcy which included the tax obligation. *Id.* at 908–09. When the State learned of its mistake it returned the money it had obtained plus interest. Stephens then sued the State for negligence and malicious prosecution. As claims for malicious prosecution are barred under the state tort claims act, AS 09.50.250(3), we focused on Stephens' claim for "negligence in executing on a judgment that it 'knew or should have known' was not valid." *Id.* at 910. We discussed the *D.S.W.* factors and found that the State owed Stephens no duty of care to determine whether the judgment was still valid before seeking to enforce it.

Concerning *Zerbe*, we stated:

> We believe that, in general, the state does not owe its citizens a duty of care to proceed without error when it brings legal action against them. To the extent that this contradicts our decision in *Zerbe v. State*, 578 P.2d 597, that case is overruled.

*Id.* at 912 n. 5. This statement is applicable to this case. The arresting officer owed John no duty of care to proceed without error when he initiated legal action against Evan. Because the arresting officer owed John no duty of care, no duty was breached, and no negligence claim can be maintained.

This conclusion is in accordance with numerous cases from other jurisdictions which have declined to recognize the duty to conduct criminal investigations in a non-negligent manner and have therefore refused to recognize a tort of negligent investigation of a crime. *See, e.g., Smith v. State*, 324 N.W.2d 299 (Iowa 1982). *See also Rodriguez v. Ritchey*, 556 F.2d 1185 (5th Cir.1977), *cert. denied*, 434 U.S. 1047, 98 S.Ct. 894, 54 L.Ed.2d 799 (1978) (no federal common law tort of negligent investigation); *Landeros v.*

*City of Tucson,* 171 Ariz. 474, 831 P.2d 850 (1992); *Johnson v. City of Pacifica,* 4 Cal. App.3d 82, 84 Cal.Rptr. 246 (1970); *Montgomery Ward Co. v. Pherson,* 129 Colo. 502, 272 P.2d 643 (1954); *Wimer v. State,* 122 Idaho 923, 841 P.2d 453 (1993); and *Bromund v. Holt,* 24 Wis.2d 336, 129 N.W.2d 149 (1964). *Compare, City of Kotzebue v. McLean,* 702 P.2d 1309 (Alaska 1985) (recognizing police duty to use reasonable care in responding to life threatening calls).

## B. *False Arrest and False Imprisonment*

 "False arrest and false imprisonment are not separate torts. A false arrest is one way to commit false imprisonment; since an arrest involves restraint, it always involves imprisonment." *City of Nome v. Ailak,* 570 P.2d 162, 168 (Alaska 1977). The elements of the false arrest-imprisonment tort are (1) a restraint upon the plaintiff's freedom, (2) without proper legal authority. *Hazen v. Municipality of Anchorage,* 718 P.2d 456, 461 (Alaska 1986). In the present case the Municipality obtained a warrant for the arrest of John Waskey. Thus it had appropriate legal authority for the arrest. There can be no claim for false arrest and false imprisonment under these circumstances. *See e.g., Rodriguez,* 556 F.2d at 1193; *Boose v. City of Rochester,* 71 A.D.2d 59, 421 N.Y.S.2d 740, 747 (1979); *Higgins v. Redding,* 34 Or.App. 1029, 580 P.2d 580, 582 (1977). Where a warrant mistakenly names the wrong individual based on a negligent investigation, all that might be available would be a negligent investigation claim. Since we have concluded that no such claim may be maintained, the judgment in this case should be AFFIRMED.

MOORE, J., not participating.