**Stacy Ann MILLER and Brently Ian Dorsey, Plaintiffs,**

v.

**DILLARD'S INC., Defendant.**

No. 98–4079–SAC.

United States District Court,
D. Kansas.

April 22, 1999.

Arthur A. Benson, II, Aften P. McKinney, Arthur Benson & Associates, Kansas City, MO, for plaintiffs.

Lynn S. McCreary, Bryan Cave LLP, Overland Park, KS, John J. Yates, Bryan Cave LLP, Kansas City, MO, for defendant.

## MEMORANDUM AND ORDER

CROW, District Senior Judge.

The plaintiffs brought this action in the District Court of Shawnee County, Kansas, alleging that on April 16, 1996, a security officer employed by the defendant detained them in the parking lot and searched them and their bags for any stolen merchandise. The defendant removed this case asserting jurisdiction based on the parties' diverse citizenship and a controversy exceeding $75,000. (Dk.1). The plaintiffs' original complaint asserted a single cause of action for false imprisonment. The defendant moved to dismiss this complaint arguing the plaintiff's claim was barred by the one-year statute of limitations, K.S.A. § 60–514, governing false imprisonment claims. (Dk.5).

Upon leave granted by the court, the plaintiffs filed a first amended complaint. (Dk.7). Though alleging the same incident, the complaint now denominates negligent supervision as the cause of action, rather than false imprisonment. The amended complaint also includes allegations that Dillard's has a duty of reasonable care in controlling and supervising its employees, that Dillard's negligently failed to exercise the proper degree of care, and that as a result of this negligence the plaintiffs were wrongly detained by one of the defendant's employees.

The defendant has since filed a new motion to dismiss that challenges the plaintiff's first amended complaint. (Dk.8). The defendant again argues that the plaintiff's claim is barred by the one-year statute of limitations governing false imprisonment claims. The defendant contends it is the substance of the plaintiff's claim and the origin of the plaintiff's claimed injuries which govern the determination of the applicable statute of limitations. The defendant relies principally on the holding and analysis in *Brown v. State,* 261 Kan. 6, 927 P.2d 938 (1996). By reason of the amended complaint and the second motion to dismiss, the court denies

the defendant's first motion to dismiss as moot.

Distinguishing *Brown* on the fact that it did not involve a claim of negligent supervision, the plaintiffs read *Brown* as a case where the plaintiff merely alleges an intentional tort to have been done in a negligent fashion. The plaintiffs offer that a claim of negligent supervision is sufficiently different in proof and theory "so as not to be subsumed or encompassed in the claim for false arrest." (Dk.9, p. 2). The plaintiffs highlight that a negligent supervision claim is a matter of direct liability for Dillard's and not vicarious liability under the doctrine of *respondeat superior.*

In reply, the defendant accuses the plaintiffs of trying the same strategy rejected in *Brown:* re-labeling an intentional tort as negligence in order to avoid the limitations bar. The defendant argues that the substance of the plaintiffs' claim remains an intentional tort, regardless of the label given. The defendant cites several additional cases from other jurisdictions.

The court heard oral argument on this motion. The parties essentially advocated the same positions and arguments covered in their memoranda. The defendant, however, conceded that Kansas recognizes a negligent supervision claim subject to a two-year limitations period and that the rule it advocates would change that limitations period to one year whenever the employee being supervised is alleged to have committed an intentional tort.

## ANALYSIS

■ The issue here is whether the plaintiff's amended complaint should be construed as alleging a negligent supervision claim against the defendant employer subject to a two-year limitations period when the underlying allegations are that the defendant's employee wrongfully detained or falsely imprisoned the plaintiffs and when the original complaint had alleged only respondeat superior liability against the defendant for false imprisonment subject to a one-year limitations period. The burden rests with the defendant

to prove that the plaintiffs' action is barred by the statute of limitations. *Johnson v. KPERS,* 262 Kan. 185, 190, 935 P.2d 1049 (1997)

The court's analysis begins with the Kansas Supreme Court's holding in *Brown* that "[a] cause of action which alleges negligent conduct by law enforcement officers which results in false arrest and consequent damages is a cause of action for false arrest and imprisonment." 261 Kan. at 6, Syl. ¶ 2, 927 P.2d 463. The plaintiff Brown filed a negligence action against the State of Kansas, a board of county commissioners and a county sheriff alleging he was arrested due to the negligence of the sheriff and his deputies. Specifically, Brown alleged that the County defendants (board and sheriff) "failed to check court records under their possession and control before arresting him," that a reasonable officer would have done so "before arresting someone on a 28–day–old warrant, and that the defendants failure to do so resulted in the plaintiff's arrest on a withdrawn warrant." 261 Kan. at 9, 927 P.2d 938.

The district court characterized Brown's suit as an action for false imprisonment subject to the one-year limitations period and granted the defendants' motion to dismiss. 261 Kan. at 7, 927 P.2d 938. The Kansas Court of Appeals reversed recognizing "negligence that results in a false arrest can create a separate negligence cause of action." 261 Kan. at 8, 927 P.2d 938. The Kansas Supreme Court couched the issue differently in overturning the lower appellate court:

Due to the procedural history of this case, the question with which we are concerned is whether an action for recovery of damages suffered as a result of an arrest that occurred as a result of allegedly negligent conduct is an action for the intentional tort of false arrest and thus is barred by the 1–year statute of limitations. . . .

. . . Here Brown's claim of damages arose from his arrest and not from the officers' negligence.

County Defendants' alleged negligence could be an actionable wrong only in the event that it was the legal cause of Brown's injuries. Under Kansas negligence law, the legal or proximate cause of injury is that "which might have been expected to be directly instrumental in producing the result." *Elliott v. Chicago, Rock Island & Pac. Rld. Co.,* 203 Kan. 273, 284, 454 P.2d 124 (1969). Brown contends that his injuries are consequences of the defendants' negligence, but even his most positive statement of his theory, "Plaintiff–Appellant would not have been arrested 'but for' the negligence of the Defendants–Appellees," shows that the injuries are a step removed from the negligence. The County Defendants' negligence, therefore, is a dubious fit within the operative definition of legal cause. In contrast, the injuries described by Brown in his notice of claim—loss of wages, benefits, and employment, expenses incurred in obtaining release from custody, embarrassment, mental anguish, and invasion of privacy—are indisputably the direct consequences of his arrest. Because Brown's injuries derive from his false arrest and imprisonment, they, rather than the alleged negligence of the offi-

cers, are "the very gist and essence of the plaintiff's cause." *Duenges [v. United States ],* 114 F.Supp. [751] at 752 [ (S.D.N.Y.1953) ].

Notwithstanding that Brown couched his claim in terms of negligence of the officers, "[i]t is the substance of the claim and not the language used in stating it which controls." *Gaudet [v. United States ],* 517 F.2d [1034] at 1035 [ (5th Cir.1975) ]. The substance of Brown's claim is for his wrongful arrest and imprisonment. Thus, his claim is subject to the provisions of K.S.A. 60–514(b) and must be brought within 1 year.

261 Kan. at 14–16, 927 P.2d 938. Both *Duenges* and *Gaudet* are Federal Tort Claims Act ("FTCA") cases which were concerned with whether the claims being asserted fell within the FTCA's exclusion for intentional torts.[1]

The relevant Kansas case law does not begin and end with *Brown.* Indeed, the court believes there is precedent which more closely parallels the situation here. Neither side has directed the court's attention to *Murray v. Modoc State Bank,* 181 Kan. 642, 313 P.2d 304 (1957),[2] in which a customer sued his bank when a bank employee assaulted him. The bank employee

1. The FTCA waives the United States' sovereign immunity from suit in certain circumstances. *See* 28 U.S.C. § 2674. The FTCA, however, includes exceptions to this waiver, and § 2680(h) excepts from the waiver of sovereign immunity "[a]ny claim arising out of assault, battery, false imprisonment, false arrest ...." " 'Section 2680(h) does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery. We read this provision to cover claims like [plaintiff's] that sound in negligence but stem from a battery committed by a Government employee.' " *Franklin v. United States,* 992 F.2d 1492, 1498 (10th Cir.1993) (quoting *Shearer v. United States,* 473 U.S. 52, 55, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985)). The Supreme Court in *Shearer* observed the following regarding legislative intent:

There is no indication that Congress distinguished between "negligent supervision" claims and *respondeat superior* claims, with only the latter excluded under the Act. In-

stead it appears that Congress believed that § 2680(h) would bar claims arising out of a certain type of factual situation—deliberate attacks by Government employees.

473 U.S. at 55, 105 S.Ct. 3039. In *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983), the Supreme Court held that "[w]aivers of immunity must be construed strictly in favor of the sovereign and not enlarged beyond what the language requires." *Id.* at 685, 103 S.Ct. 3274 (quotations, citations, and brackets omitted).

Considering the unique sweeping language of the intentional tort exclusion in the FTCA, the unique legislative intent behind it and the strict construction of an immunity waiver, this court disagrees with defendant's counsel that FTCA case law is a "natural" place to look for guidance on the issue here.

2. In fairness to the parties, it should be noted that the Kansas Supreme Court in *Brown* also makes no reference to the *Murray* decision.

went to the customer's home and demand-ed that the customer conduct his bank business in a particular manner. When the customer refused, the employee assaulted him.

The plaintiff filed suit against only the Bank alleging it was negligent in hiring, retaining, and supervising the employee. The defendant Bank filed a demurrer to the petition arguing that this was a simple case of assault and battery subject to the one-year limitations period and that the plaintiff could not change the action into something else by suing only the employer and alleging only negligence. 181 Kan. at 644–45, 313 P.2d 304. The defendant likewise attacked the plaintiff's negligence claim as "an effort to circumvent the statute of limitations." 181 Kan. at 645, 313 P.2d 304. The trial court overruled the demurrer, and the Kansas Supreme Court on appeal affirmed this ruling:

The defendant cites *Welch v. Shepherd,* 169 Kan. 363, 219 P.2d 444, and refers to the foregoing quotation:

"... The facts pleaded are more consonant with a claim of false imprisonment or malicious prosecution, and if so construed, the action would be barred under G.S.1935, 60–306, *Fourth.* But simply because that might be the result does not mean the petition is to be construed as stating a cause of action on some other theory so that the cause of action is not barred...." (p. 367.)

While in the foregoing case the petition was construed to bar a cause of action, the rule stated is in reality a double-edged sword, and should the petition in the instant case be construed to state a cause of action which is not barred, the fact that a construction on some other theory might avoid such result is impotent as a persuasive reason.

The statute of limitations has been advanced as a sound reason for construing the plaintiff's petition as one which is in substance an assault and battery and thereby barred. It must be remembered that the statutes of limitation affect only the remedy and do not in any

other way affect a cause of action. (citations omitted). It cannot be asserted as a substantive reason to defeat an action otherwise valid.... Were the construction of a petition dependent upon an ultimate result which sought to deny the remedy, the practice would be tantamount to prejudging a case or deciding it without valid reason and thus leave the logic of the law floundering at sea.

The statute of limitations has frequently been asserted in cases which are essentially malpractice actions. In such cases various theories have been advanced to defeat a cause of action or to maintain one under the statute. Among them are assault and battery and contract. In *Travis v. Bishoff,* 143 Kan. 283, 54 P.2d 955, this court said:

"The law of this state is realistic. Substance prevails over form. It is perfectly manifest that, notwithstanding the form given to the petition, the gravamen of the action was malpractice, which is a tort, and the action was barred by the two-year statute of limitations."

. . . .

... The petition does not allege a cause of action under the doctrine of *respondeat superior.* Fairly construed, the petition alleges a cause of action in negligence against the bank and not a tort by its servant or agent. The allegations of the petition meet all the requirements for actionable negligence. (citation omitted).

We hold that the doctrine of *respondeat superior* is not involved in the instant case. Construing the pleading most favorably to the petitioner as we must, the issue presented is whether the employer, The Modoc State Bank, was negligent in retaining its managing officer, Breithaupt, who had propensities toward violence.

181 Kan. at 645–49, 313 P.2d 304. The Kansas Supreme Court here recognized a theory of negligent hiring and retention and had no difficulty finding such a negli-

gence claim to have been alleged against the employer, the only named defendant, for the intentional acts of its employee.

■ "Kansas law recognizes a claim by non-employee third parties for negligent supervision and retention." *Nwakpuda v. Falley's, Inc.,* 14 F.Supp.2d 1213, 1217 (D.Kan.1998) (citations omitted) (Grocery store sued because its manager had detained the plaintiff customer as a possible suspect in a prior store robbery). The Kansas Supreme Court recently summarized the law regarding an employer's negligence for hiring or retaining an incompetent employee and, in relevant part, said:

> Although an employer may be liable for injuries to a third person which are the result of the incompetence or unfitness of an employee where the employer was negligent in employing or retaining the employee when the employer knew or should have known of such incompetence or unfitness of the employee, liability normally only attaches to acts occurring at the employer's business location or committed during the conduct of the employer's business.

*Schmidt v. HTG, Inc.,* 265 Kan. 372, Syl. ¶ 8, 961 P.2d 677, *cert. denied,* —— U.S. ——, 119 S.Ct. 409, 142 L.Ed.2d 332 (1998). The Kansas Supreme Court also clarified recently that "negligent supervision is a separate and distinct theory in addition to theories of negligent hiring and retention. *Anspach v. Tomkins Industries, Inc.,* 817 F.Supp. 1499, 1519–20 (D.Kan.1993), *aff'd,* 51 F.3d 285, 1995 WL 133385 (10th Cir.1995); *Kansas State Bank & Tr. Co. v. Specialized Transportation Services, Inc.,* 249 Kan. 348, 819 P.2d 587 (1991)." *Marquis v. State Farm Fire & Cas. Co.,* 265 Kan. 317, 331, 961 P.2d 1213 (1998). Besides the failure to supervise, this theory includes "the failure to control persons with whom the defendant has a special relationship, including the defendant's employees or persons with dangerous propensities." *Marquis v. State Farm Fire & Cas. Co.,* 265 Kan. at 331, 961 P.2d 1213 (citations omitted). Even if the employer admits the employee "was acting within the scope of his or her employment," the plaintiff may still bring "an action for both respondeat superior and negligent entrustment or negligent hiring, retention or supervision." *Marquis v. State Farm Fire & Cas. Co.,* 265 Kan. at 334, 961 P.2d 1213 (citation omitted). The tort of negligent hiring, retention, or supervision is "distinct from respondeat superior and that liability is not imputed but instead runs directly from the employer to the person injured." *Marquis v. State Farm Fire & Cas. Co.,* 265 Kan. at 334, 961 P.2d 1213 (citation omitted).

■ The court finds that the allegations in the plaintiffs' amended complaint more closely fit the holding in *Murray* rather than *Brown.* Like *Murray,* the plaintiffs here do not allege against the defendant a cause of action under *respondeat superior.* Like *Murray,* the plaintiffs allege the defendant's liability is directly tied to its own negligence in controlling and supervising its employee. Unlike *Brown,* the defendant's alleged negligence is not "a dubious fit within the operative definition of legal cause" under Kansas law. 261 Kan. at 15, 927 P.2d 938. Though the plaintiffs' claimed injuries are most directly traceable to the security officer's conduct, the gravamen of this suit, as alleged, is the defendant's negligence in not supervising and controlling that security officer. "Fairly construed, the [amended complaint] … alleges a cause of action in negligence against the [store] … and not a tort by its servant or agent." *Murray,* 181 Kan. at 649, 313 P.2d 304.

If *Brown* were followed here, then every claim of negligent hiring, retention or supervision in Kansas would be subject to a one-year limitation period whenever the employee's underlying act was an intentional tort. Such an approach cannot be reconciled with the holding in *Murray.* There is nothing in *Brown* that suggests the Kansas Supreme Court even contemplated it decision to overrule any precedent, including *Murray.* Moreover, the court believes *Brown* was intended to address the particular negligence allegations

there and not to accomplish any sweeping change in the existing law.

Finally, the court remains convinced that *Murray* remains the appropriate approach here, even though the plaintiffs originally alleged a *respondeat superior* claim against Dillard's. Because Kansas law recognizes alternative claims for *respondeat superior* and negligent hiring, retention or supervision, the law likewise should distinguish between the statute of limitations applicable to these alternative claims.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss the plaintiff's first amended complaint (Dk.8) is denied.