No. 56,024

ESTEBAN MENDOZA, *Appellant,* v. RENO COUNTY, KANSAS, *et al.,*
*Appellees.*

(681 P.2d 676)

Opinion filed
June 8, 1984.

*Richard J. Rome,* of Hutchinson, argued the cause and was on the brief for the
appellant.

*Stephen J. Jones,* of Hershberger, Patterson, Jones & Roth, of Wichita, argued
the cause, and *Steven J. Roth,* of the same firm, was with him on the brief for the
appellees.

The opinion of the court was delivered by

HERD, J.: This is a damage action for false arrest brought by
Esteban Mendoza against Reno County and the arresting of-
ficers, individually. The trial court granted summary judgment to
the defendants, from which this appeal was taken.

At approximately 5:00 a.m. on May 13, 1982, John Hendrix, the
Hutchinson Fire Marshal, was called to the scene of a house fire
at 407 W. 1st Street, Hutchinson. Mr. Hendrix inspected the
premises and determined the fire was arson caused by a flam-
mable liquid. Mr. Hendrix then contacted Detective Loren
Beshore of the Reno County Sheriff's Office. Detective Beshore
commenced an investigation and obtained a statement from an
alleged eyewitness. At 10:23 a.m., the eyewitness was shown
five mug shots. The witness immediately identified Esteban
Mendoza, the appellant, as the arsonist.

Detective Beshore and Fire Marshal Hendrix then contacted
the county attorney. They were advised there was probable

cause to issue a warrant for the arrest of Mendoza. There was no permanent address available for Mendoza. At approximately 11:30 a.m., Detective Beshore was advised by an informant of the location of Mendoza. Detective Beshore then requested County Attorney Joe McCarville, and Fire Marshal Hendrix, who was also a deputy sheriff, to accompany him in an attempt to locate and talk with Mendoza.

When they arrived at the location where Mendoza had been seen, they observed a group of men some distance from the road. McCarville remained in the vehicle, while Detective Beshore and Fire Marshal Hendrix approached the group. Esteban Mendoza was in the group. Detective Beshore askèd Mendoza if he would come with them for a discussion. Mendoza refused and began to walk away. Detective Beshore again asked if he would come. Mendoza again refused and became belligerent. Detective Beshore then placed Mendoza under arrest.

Mendoza was incarcerated for suspicion of arson, and bond was set for $2500. Mendoza could not make bond and thus spent the night in jail. The next morning, after County Attorney McCarville determined there was insufficient evidence to convict appellant of the crime, he was released without being charged. Mendoza then brought this civil action.

The first issue on appeal is whether the trial court erred in holding the county and its officers immune from liability for arresting appellant under the discretionary function exception to the Kansas Tort Claims Act (KTCA), K.S.A. 1983 Supp. 75-6101 *et seq.*

The enactment of the KTCA initiated a new direction in tort liability of governmental entities making "liability the rule and immunity the exception." *Carpenter v. Johnson*, 231 Kan. 783, 784, 649 P.2d 400 (1982). This is clearly articulated in K.S.A. 1983 Supp. 75-6103(*a*), which provides:

"Subject to the limitations of this act, each governmental entity shall be liable for damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment under circumstances where the governmental entity, if a private person, would be liable under the laws of this state."

There are, however, numerous exceptions to this general rule of liability which "indicates there has been no wholesale rejection of immunity by the Kansas Legislature." *Robertson v.*

*City of Topeka,* 231 Kan. 358, 360, 644 P.2d 458 (1982). The discretionary function exclusion relied upon by appellees is K.S.A. 1983 Supp. 75-6104(*d*):

"A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from:

. . . .

"(*d*) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the governmental entity or employee, whether or not the discretion be abused."

We have discussed this exception on previous occasions. See, *e.g., Cansler v. State,* 234 Kan. 554, 569-70, 675 P.2d 57 (1984); *Robertson v. City of Topeka,* 231 Kan. at 360-63; *Carpenter v. Johnson,* 231 Kan. at 788-89. We described the exception in *Robertson* as it pertains to police officers performing their jobs.

"It would be virtually impossible for police departments to establish specific guidelines designed to anticipate every situation an officer might encounter in the course of his work. Absent such guidelines, police officers should be vested with the necessary discretionary authority to act in a manner which they deem appropriate without the threat of potentially large tort judgments against the city, if not against the officers personally." 231 Kan. at 362.

In the instant case, an eyewitness to the arson identified the appellant from a photo lineup. Appellant did not have a permanent address. When the police received a report as to his whereabouts, they proceeded to that location with the intent of questioning appellant about the crime. A complaint and arrest warrant were not obtained since the purpose of making contact with the appellant was merely to gather further information about the crime. When appellant was approached, however, and refused to cooperate or to talk with the police, the officers chose to arrest him. They feared if he was allowed to go he might destroy evidence or flee from the jurisdiction, since he was now aware the police had connected him with the crime. This constituted probable cause for Mendoza's arrest. As in *Robertson,* there are no police department rules or regulations which cover situations such as this. From such probable cause the appellees exercised their discretion in determining to arrest appellant. Thus, the trial court properly held this action was a discretionary function immune from liability pursuant to K.S.A. 1983 Supp. 75-6104(*d*). The legal status of a warrantless arrest without probable cause is outside the issues of this case.

Appellant next argues the question of probable cause in the

arrest is a fact question for a jury. Since the trial court granted summary judgment, the fact issues were resolved by the court. This court has held summary judgment is proper only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show there is no genuine issue as to any material fact or that the moving party is entitled to judgment as a matter of law. *Zehring v. Wickham*, 232 Kan. 704, Syl. ¶ 1, 658 P.2d 1004 (1983).

False arrest has been defined as "the restraint of the personal freedom of an individual without legal excuse by any words, acts, threats, or personal violence that under the circumstances the one being restrained fears to disregard." See PIK Civ. 2d 14.20. Appellant contends there is a genuine issue of material fact as to the existence of "lawful excuse" for his arrest; therefore, he argues summary judgment was improper. Taking the uncontroverted facts in the light most favorable to the accused, there was sufficient probable cause for Mendoza's arrest. Thus, as a matter of law the officers had the lawful excuse required for arrest, leaving unresolved no genuine issue of material fact. Summary judgment was proper.

Appellant finally argues Joseph McCarville is liable for false arrest since he was not acting within the scope of his employment when he helped arrest appellant because he was illegally carrying a concealed weapon.

It is acknowledged a county attorney is not a law enforcement officer. See K.S.A. 22-2202(11). The State of Kansas prohibits the carrying of a concealed weapon if one is not a law enforcement officer. See K.S.A. 1983 Supp. 21-4201. There are exceptions, however, to the statutory prohibition against carrying a concealed weapon. One exception allows any person who is summoned by a law enforcement officer to assist in making an arrest to carry a concealed weapon while actually engaged in assisting the officer. See K.S.A. 1983 Supp. 21-4201(2)(*a*). The county attorney in this case was acting in this capacity. The uncontroverted evidence shows Mr. McCarville was requested by Detective Beshore, a law enforcement officer, to accompany him in locating appellant. This act of keeping the peace and arresting appellant was, therefore, within the scope of Mr. McCarville's employment. He is thus immune from liability for the false arrest claims of appellant.

The judgment of the trial court is affirmed.

PRAGER, J., concurs in the result.