(166 P.3d 1056)
No. 96,011

JOSE MORA SOTO, *Appellant,* v. CITY OF BONNER SPRINGS, *et al.,*
*Appellees.*

Opinion filed August 31, 2007.

*William Sharma-Crawford,* of Sharma-Crawford Attorneys at Law, of Overland Park, for appellant.

*Patrick M. Waters* and *Henry E. Couchman, Jr.,* of legal department, Unified Government of Wyandotte County/Kansas City, of Kansas City, for appellees.

Before MARQUARDT, P.J., McANANY, J., and BRAZIL, S.J.

MARQUARDT, J.: Jose Mora Soto appeals the trial court's grant of summary judgment to the Unified Government of Wyandotte County, Kansas, and the Wyandotte County Sheriff's Department (County). We affirm.

In November 2003, Soto was stopped by Bonner Springs Police Officer Mark Stites, who noticed that Soto's license plate was loose and hanging. Soto testified that the license plate on the car he was going to drive had expired, so he put a license plate from another car on the car he intended to drive. Officer Stites was told by a police dispatcher that the license plate on the car Soto was driving belonged to a car of a different make and model.

Soto provided Officer Stites a driver's license for Jose M. Soto. Officer Stites requested information from the dispatcher about Jose M. Soto, a Hispanic male with a date of birth of December 26, 1973. The dispatcher responded that there was a Johnson County warrant for Jose L. Soto, a Hispanic male with a date of birth of December 24, 1973. Further investigation revealed that the driver's license given to Officer Stites by Soto had the same number as the driver's license provided by the dispatcher. Officer Stites confirmed through the dispatcher that the warrant was valid.

Officer Stites arrested Soto and transported him to the Wyandotte County detention center with the understanding that someone from the Johnson County Sheriff's office would pick him up.

Deputy David Ornelas, the intake booking officer at the detention center, called Johnson County and provided Soto's first and last names, middle initial, date of birth, and the warrant number. The Johnson County officer again confirmed that the warrant was still valid and requested that Wyandotte County continue to detain Soto.

Soto protested his arrest and claimed he was not the person named in the warrant. After approximately 2½ days, Soto was picked up by authorities from Johnson County. Not long after he arrived at the Johnson County facility, Soto pointed out that he did not look like the person pictured on the warrant, and Soto was released.

In January 2005, Soto filed a petition claiming negligence against various officers, the City of Bonner Springs, and the County. Soto later conceded that all of his negligence claims were, in fact, claims for false arrest.

The City of Bonner Springs, Chief John Haley, and Officer Stites filed a motion for summary judgment arguing that Soto's claim for false arrest was filed outside of the 1-year statute of limitations. They also claimed protection under certain portions of the Kansas Tort Claims Act (KTCA), most importantly the discretionary function exception.

The County filed a separate motion for summary judgment. It argued the officers were legally justified in detaining Soto because there was probable cause to believe there was a valid warrant for his arrest. The County claimed that the officers had no duty to investigate whether Soto was, in fact, the person named in the Johnson County warrant. Finally, the County argued that the discretionary function and police protection exceptions in the KTCA provided immunity from liability.

After hearing arguments, the trial court concluded that Soto's petition as to Bonner Springs was barred by the statute of limitations and there was probable cause to believe there was a valid warrant for Soto's arrest. Finally, the trial court ruled that the discretionary function exception applied to Soto's claims against the County. The trial court granted summary judgment to Bonner

Springs and the County. Soto appeals the trial court's order granting summary judgment to the County.

On appeal, Soto contends that the discretionary function exception was not an absolute protection for the County. Soto argues that the County caused wanton injury by completely disregarding his claims of innocence.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules, and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. *State ex rel. Stovall v. Reliance Ins. Co.*, 278 Kan. 777, 788, 107 P.3d 1219 (2005).

K.S.A. 2006 Supp. 75-6104 provides that a governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from:

"(e) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee, whether or not the discretion is abused and regardless of the level of discretion involved."

As the trial court noted, a cause of action which alleges negligent conduct by law enforcement officers which results in false arrest and consequent damages is a cause of action for false arrest and imprisonment. *Brown v. State*, 261 Kan. 6, Syl. ¶ 2, 927 P.2d 938 (1996). "False arrest" is the restraint of the personal freedom of an individual without legal excuse by any words, acts, threats, or personal violence that under the circumstances the one being restrained fears to disregard. *Mendoza v. Reno County*, 235 Kan. 692, 695, 681 P.2d 676 (1984).

The County argued that the discretionary function exception to the KTCA immunized it from liability for false imprisonment. The County's theory was that once the facial validity of the Johnson County warrant was confirmed, any further investigation to determine whether Soto was the person named in the warrant was a discretionary function.

There is no Kansas case law directly on the issue raised in this case. In *Davis v. Klevenhagen*, 971 S.W.2d 111 (Tex. App. 1998), the Texas Court of Appeals held that the decision to arrest someone on an outstanding warrant is a discretionary function. The court concluded, "An officer's decision regarding 'if, how, and when to arrest a person' is discretionary." 971 S.W.2d at 117-18. The court further concluded that "a police officer is engaged in a discretionary function in determining 'how to investigate, and to what extent to investigate before seeking a warrant.'" 971 S.W.2d at 118. The court then held that the same level of deference should apply to "an officer seeking to determine whether a presenting individual is the same individual named in an arrest warrant." 971 S.W.2d at 118.

In his brief, Soto claims that the County officers' actions can negate the discretionary function exception. However, the case cited by Soto, *Hopkins v. State*, 237 Kan. 601, 702 P.2d 311 (1985), does not address the discretionary function exception of the KTCA.

Moreover, Soto has stated no facts to support his claim that the County officers acted in a wanton manner. It is undisputed that Soto's driver's license number was the same as the one listed on the warrant. The birth dates, heights, and weights were quite similar. Officer Stites confirmed that the Johnson County warrant was still active prior to arresting Soto. Deputy Ornelas spoke with Johnson County after Soto was taken to the detention facility and confirmed the warrant was still active. At that time, Deputy Ornelas was told that the warrant was for Soto and that Johnson County wanted the County to continue to hold Soto until he could be retrieved by Johnson County officials.

We see nothing wanton about that procedure. As the *Davis* court noted, there is a large amount of discretion when determining whether an individual is actually the person identified in a warrant.

Therefore, we believe the facts of this case fall squarely within the discretionary function exception to the KTCA.

Soto claims there were other cases in the County similar to his; however, there is no evidence in the record on appeal that any of the officers who directly dealt with Soto in this case had any knowledge of the prior court actions.

Soto also notes that the County had a policy (Detention Center Standard Operating Procedures: No. C-100) which directed jail personnel to "receive and review" the documents of persons arrested to ensure the identity of the person being booked. Soto refers to a document which states: "The Intake Deputy shall receive and review the arrest documents with an eye for the content and the correct statement of
charges." After reviewing the record on appeal, we believe that all of the officers performed this duty. Nothing in the policy required the officers to compare fingerprints or access a photograph. We do not believe the policy cited by Soto operates in any way to remove this action from the discretionary function exception to the KTCA. The trial court correctly granted the County's motion for summary judgment.

Affirmed.